IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TAYR KILLAB AL GHASHIYAH (Khan),

                                                                                                    ORDER

                Petitioner,

                                                                                         10-cv-172-slc[1]

     v.

PETER HUIBREGTSE, Warden
Wisconsin Secure Program Facility,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Tayr K. al Ghashiyah (Khan) has filed a document styled as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He has paid the $5 filing fee. Petitioner is incarcerated at the Wisconsin Secure Program Facility in Boscobel, Wisconsin after being convicted of bank robberies in the Circuit Court for Brown County in 1985 and 1986. Because petitioner is in state custody and not federal custody, his petition is construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over the case.

1

Petitioner's 35-page petition contains allegations about the conditions of his confinement, including deprivation of due process in disciplinary hearings and in program review proceedings. He also contends that he is being denied parole based on "inaccurate information" and "invalid conduct reports."

Most of petitioner's allegations must be raised under 42 U.S. C. § 1983 and cannot be raised in this petition under 28 U.S.C. § 2254. However, petitioner is a restricted filer who has been barred by the Court of Appeals for the Seventh Circuit from filing any civil lawsuits in this circuit until he pays the fees and costs from all of his federal suits. Al Ghashiyah v. Frank, 08-2581 (7th Cir. Dec. 18, 2008). The filing bar does not apply to applications for writs of habeas corpus, which is why the clerk of this court accepted this petition for filing.

Petitioner raised his claim that he was denied parole on the basis of "invalid conduct reports" and "inaccurate information" in a previous habeas action, case no. 09-cv-236-bbc, and I concluded that he could not raise this claim in a petition for a writ of habeas corpus. He had not claimed that he was entitled to be released immediately on parole, but rather that inaccurate information was being used improperly to deny him parole. I advised him that this claim must be raised in 42 U.S.C. § 1983 action. That advice is still accurate.

Petitioner's petition must be dismissed because he has brought claims that are not raised properly in a habeas corpus proceeding. Because petitioner continues to do this, I am

2

placing restrictions on petitioner's future filings. Any future petitions for writs of habeas corpus submitted by petitioner will not be filed before they are reviewed by the court to determine whether they contain issues properly raised in such a petition.

Further, petitioner is again raising the claim that he has been deprived of good time credits because of 150 "invalid conduct reports." As in case no. 09-236-bbc, petitioner does not provide any dates or facts relating to any disciplinary proceedings and he makes no showing that he has properly exhausted both his administrative and state court remedies with respect to any particular disciplinary proceeding. Petitioner may not proceed with these challenges in this petition for the same reasons that he was denied to proceed on them in his previous case. The dismissal of his petition will be without prejudice, so that petitioner may raise this claim in another petition for a writ of habeas corpus if he files his claim with the proper documentation. If he does not, his petition will be dismissed with prejudice.

As a final matter, under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

3

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the questions are not close ones.  Reasonable jurists would not debate the decisions that petitioner is not entitled to habeas relief on his claim concerning good time credits or that he must bring his other claims in an action under 42 U.S.C. § 1983.

ORDER

IT IS ORDERED that

1. The document styled as a petition for a writ of habeas corpus filed by Tayr K. Al Ghashiyah (Khan) is DISMISSED without prejudice on the grounds that his claims are not properly brought in a habeas corpus petition and that has not shown he is entitled to relief on his claim that he was denied good time credits.

2.  Al Ghashiyah is DENIED a certificate of appealability under 28 U.S.C. § 2253(c)(2).

3.  The clerk of court is directed to refer any future petitions for writs of habeas

4

corpus submitted by petitioner to the court for review before filing.

Entered this 12th day of May, 2010.

                                              BY THE COURT:
                                              /s/
                                              BARBARA B. CRABB
                                              District Judge